## WELCH & CO., *vs.* THORN ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF
RAPIDES, THE JUDGE OF THE FIFTH PRESIDING.

The effect of bonds and the rights of the parties to them, which are required
by law to be given in judicial proceedings, are to be tested by the law
directing them to be taken.

In legal proceedings the penalty of the bond is fixed by the law, or the
court, and the law points out the object for which it is given,

In this state there being no distinction in the proceedings between the law and equity jurisdiction of our courts, the penalty of a judicial bond is disregarded, and judgment given for the damages which the party has really sustained.

So, where a penal bond was given by a defendant, on removing a suit from the state court, to the United States District Court, that he was to appear *and put in special bail*, and he failed to put in bail, upon which the plaintiff dismissed his suit and brought his action on the bond: *Held*, that he could not recover, because he had not proceeded to judgment in his suit, and did not show that he had sustained any damages.

This is an action on a penal bond against the principal and sureties therein, given according to law, on the defendant Thorn's removing a suit, instituted by the present plaintiffs against him in the District Court of the parish of Rapides, to the United States District ˙Court, holden at Opelousas, on the ground that he was a citizen of Texas.

The penalty of the bond is twelve thousand and five hundred dollars, conditioned that if the said " Thorn shall file in the United States Court at Opelousas, copies of the proceedings in the above case of Michael Welch & Co., against him, on or before the first day of the next session of said court, *and there enter special bail, the above obligation to be void ; otherwise to remain in force.*"

At the next term of the United States Court, holden at Opelousas, in March, 1838, the defendant Thorn, not having entered bail, as by law and the condition of his bond he was required to do, the plaintiff's counsel had the suit dismissed after issue joined by the defendant, at the costs of the latter, who made no objection.

The plaintiffs then commenced their action on the bond. The defendants pleaded that the suit was premature.   That in law the original suit is still pending, and that they cannot be liable until the plaintiffs demand has been liquidated in damages; and that they have not been put *in morâ*.   They pray for judgment in their behalf.

The original suit against the defendant Thorn, is for damages for the non-performance of a contract.   The plain-

tiffs claim ten thousand dollars in damages, on his failure to secure payment and take an invoice of goods according to contract.

There was judgment for defendants, and the plaintiffs appealed.

*Dunbar* and *Elgee*, for the plaintiffs, contended that there should have been a recovery for the amount of the bond sued on; that it was a conditional obligation, and not an obligation with a penal clause. That the nature, validity and interpretation of contracts, are to be governed by the laws of the country where the contracts are made. *United States* vs. *Donally*, 8 *Peters*, 361. That by this test the bond sued on was clearly conditional; *Louisiana Code, article* 2117–18. To make it an obligation with a penal clause, there should now exist two principal obligations, either of which might be enforced by the plaintiffs. But that it could not be pretended, in the present instance, that this could be done. 3 *Toullier*, *No.* 799 to 808, inclusive. *Des obligations aux clause pénales, section* 6.

2. That this bond was not similar in its conditions to the ordinary bail bond, under our *Code of Practice*. See *Code of Practice, articles* 219, 230 to 237, inclusive, and *Gordon's Digest, section* 528.

3. The act of congress required surety to be given for the removal of a cause from a state court to the United States Court, and that sureties to be responsible for *the filing of process and entering of special bail in the United States Court, at its next term*. But no security had been given to answer such judgment as might be rendered in this cause. The bail bond given in the state court, is declared void by the act of congress; there was then no good reason why the plaintiffs should have been compelled to proceed in the United States Court to judgment; under such circumstances where there had been a non-compliance on the part of the defendant and his sureties, with the condition of their bond, it was useless.

4. That admitting this bond to be an obligation with a penal clause, yet there should be a judgment for plaintiffs

for the whole amount ; as there was no lawful excuse for its WESTERN DIST.
non-performance, such as if inevitable accident or inevitable October, 1840.
force had been shown.   See *Louisiana Code, article* 2116.
But it is contended that these have been part performed, and
that the penalty should be modified by the judge, and further
that the defendants should have been put *in morâ.*   To all
which it is answered, that it cannot be necessary to put a per-
son *en demeure,* who has bound himself to do any thing in
court by a judicial bond, and that the judge should not modi-
fy the penalty, unless cause be shown that it was a faculty
that the judge possessed, but that it was not a matter of strict
right, and there was no reason why it should be done in the
present instance.   3  *Toullier, No.* 839.

WELCH & CO.
*vs.*
THORN ET AL.

   *Gen. Thomas, Hyams* and *Brent,* for the defendants.
   The bond sued upon, was taken under the act of  congress
of 1789, and must be construed with reference to the pro-
visions of that act.   2 *Louisiana Reports,* 398.
   2. The act of 1789, required that the party applying to
remove his case from the state to  the Federal court, should
give bond that he would file in the Federal  court copies of
the process against him, and" enter  special bail, if originally
requisite therein.   It then provides that in case *copies of the
process are filed,* the state court shall be deprived of all further
jurisdiction in the case.   This last was done by the defend-
ant, and the court of the United States had, therefore, full
authority to proceed to trial and judgment.   The putting in
special bail is not made necessary by the act of  congress, in
order to authorize the Federal court to try the cause.   The
filing of the copies of the process alone is required, and the
judgment taken by the plaintiff against the defendant for his
costs, put a legal termination to his suit.
   3. The defendants bound themselves, in  the *penal sum* of
twelve thousand and five hundred dollars, that Frost Thorn
would put in special bail in the Federal court.   If the plain-
tiffs have sustained damage, by a non-compliance with this
obligation, upon having those damages expressed, the de-
fendants will be responsible upon the bond.   That this was

intended as a penalty, and not in the nature of liquidated damages, is manifest from its large amount, exceeding by twenty-five per cent. the amount stated to be due, as well as by the other facts of the case.    7 *Wheaton,* 13.    3 *Johnson,* 298.    5 *Martin,* 561.

4. The liability of the defendants, in any event, could not exceed the liability of special bail or bail to the action.    They bound themselves to put in special bail, and not having done so, the damages incurred are precisely the amount of the loss suffered by plaintiff. What loss have plaintiffs sustained? The special bail would have been responsible for the amount of the judgment obtained against defendants, and *for nothing more.* That judgment was merely for costs, and the liability of defendants can in no event extend beyond these. 2 *Johnson,* 340.

The plaintiff cannot recover in this suit, and the judgment of the lower court should be affirmed.

Because the plaintiff in no court recovered any judgment against the principal on the bond, which is a *condition* precedent to any recovery against him, or his sureties therein.

2. That all the conditions of the bond have been complied with, (entering copies of process and filing answers) so far as to give the United States Court jurisdiction of the case, and wherein the plaintiff could have gone on to judgment.    That the failure to enter *special bail* (that is the same kind of bail as was taken in the original cause of action, under *article* 219. of the *Code Practice,* recognized by the laws of the United States, 1824,) could only create a liability, co-extensive with but not greater than the liability of special bail, or the bail under *article* 219.    Contracts and obligations must be construed according to the intentions of the parties contracting, and the extent and limitations of the responsibility created thereby, are to be sought not by mere examination of the terms of the instrument, but by the principles of law, applicable thereto, and the decisions of the courts thereon.    *Civil Code,* 2032.  *Code of Practice,* 219.  3 *Louisiana Reports,* 509.  8 *Louisiana Reports,* 123.  9 *Louisiana Reports,* 452.  6 *Wheaton,* 475.  Appearance bail may defend suit, if special

bail be not entered, and is liable to same judgment that defendant would be liable to; also, 1928, *No.* 5; 1945, 1944, 1943, 1942, 1954.

The object and design of the law is clear and indubitable: The 12th section of judiciary act, in accordance with the constitution of the United States, while it secures to foreigners the right to a trial in the courts of the United States, requires that the plaintiff should be put in no worse situation thereby, and where special bail or attachment takes place in the original court, it requires that on removal the same security should be had; to wit, a bond to enter the copies of proof so as to give the court jurisdiction, and also to enter special bail; and *in attachment*, that the goods remain attached to answer the judgment of the United States court, in *the same manner* as in the state court.

*Special bail* has a technical meaning, and is peculiar to the English and common law practice, and is there distinguished from common bail, and from appearance bail; but in Louisiana, we know of no other bail than that pointed out by our statute. *Code of Practice*, article 219, 235, and this mode of procedure is the law of the United States courts in Louisiana, under the act of congress of 1824. Suppose the plaintiff had originally commenced his action in the District Court of the United States at Opelousas, the only bond that could have been taken would have been under the *article* 219, of the *Code of Practice*. And suppose the marshal of the court had neglected to take bond, or had taken a bond with mere nominal security, could he recover on the bond or for the neglect to take one, prior to judgment against his principal debtor? The proposition itself is absurd. There would possibly have been some ground of action, if the conduct of the principal debtor had been such as to deprive the United States court of all jurisdiction, but the *judiciary act does not* require that special bail should be given to give it jurisdiction; on the contrary, after expressly reciting that the party shall be entitled to the removal of the cause to the next district court, "on his furnishing sufficient security for his entering in such court, on the first day of its session, copies of said process against him,

and *also,* for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause; and any bail that may have been originally taken shall be discharged, and the *said copies* being entered as aforesaid, in such court of the United States, the cause shall *there* proceed in the same manner as if it had been brought there by original process." And in case of attachment, &c., it is made a condition of removal, and that the state court shall proceed no further, and that the original bill shall be discharged, that the party shall give sufficient surety to *enter the process* in the court, and to *give special bail,* but once *that* is done, that is such security given, it merely requires the copies of the process to be entered to give the United States court jurisdiction, *to proceed with the cause as if there originally instituted.* And suppose it had been there originally instituted, would not a judgment against principal, be a condition precedent to a judgment against any party to the bond; where the contract has been made in Louisiana, the *lex loci* governs, whether sought in her own courts or those of the United States. Proceedings, therefore, on bail or arising from contracts of that nature, will conform to the law and the practice of the state courts.

Here we pause to ask what would be thought of the experiment, where in a state court the sheriff permitted the escape of a party under arrest in a civil suit, or neglected even to arrest him, that the plaintiff should dismiss his suit upon judgment, and go on the sheriff for damages, for escape, in the amount of the bail bond that he (the sheriff) neglected to take; although his remedy would be clear against the sheriff, on judgment against the debtor and returns *nulla bona.*

The liability of the parties then to this bond, is nothing more or less than the liability of parties to the bail bond, *as known to our laws,* and that liability is to surrender the body of defendant, in the action on judgment and execution, or pay such judgment. Has the plaintiff such a case? He has not, and we contend and will show, should occasion hereafter require it, that by the voluntary dismissal of his action, he

has lost *now and forever*, all claim upon the defendants, on the bond sued on. *Civil Code*, 2035. 6 *Wheaton*, 475, 5 *Ib.*, *Condensed*, 142. Appearance bail on default of principal to enter special bail, may defer suit and is liable to same judgment. 7 *Wheaton*, 13. Liquidated damages to be shown clearly by the plaintiff, to be the intention of the contracting parties. *Taylor* vs. *Sandford*.

The judiciary act of Congress, May 26, 1824. *Gordon's Digest, Laws United States, pages* 141–42.

3. If we were, for argument sake, to admit that the bond is in the nature of a penalty, yet the plaintiff's case is in no way helped. The conditions having been partially performed, the party can only recover according to the damage sustained by him; *Civil Code*, 2123. To same point, 6 *Louisiana Reports*, 715, *M'Gloin* vs. *Henderson.* The court will apportion damages to injury; 5 *Martin*, 563–64, *M'Nair* vs. *Thompson*, liquidated damages. Court will relieve from unreasonable penalties; 8 *Martin*, 311, *Brant* vs. *Louisiana State Bank*. 2 *Starkie on Evidence, note s, page* 621. *Civil Code*, 1958, *No.* 5; 1928, 1945. 9 *Louisiana Reports*, 451–52. 2 *Louisiana Reports*, 397, *Boswell* vs. *Lainhart. Code Napoleon, No.* 1227, sustains the above ground : See *note e, Paillet.*

The nullity of the principal obligation carries that of the penalty with it. *Louisiana Code*, 2122. A condition precedent in all penalties is putting the party in default. 6 *Martin, N. S., Erwin* vs. *Fenwick ; Ibid, Llorente* vs. *Gaitrie.*

*Martin, J.,* delivered the opinion of the court.

The plaintiffs instituted their suit for damages in one of the district courts of the state, and held the defendant to bail. The latter being a citizen of another state or alien, procured the removal of the suit to the Federal court, on giving the usual bond. He brought and filed the transcript in the latter court, but failed to give *special bail*, as required by the condition of his bond, and the plaintiffs on their own motion, obtained a judgment dismissing the suit, at the costs of the defendant.

WESTERN DIST
October, 1830

WELCH & CO.
*vs.*
THORN ET AL.

The effect of bonds and the rights of the parties to them, which are required by law to be given in judicial proceedings, are to be tested by the law directing them to be taken.

In legal proceedings the penalty of the bond is fixed by the law, or the court, and the law points out the object for which it is given.

In this state, there being no distinction in the proceedings between the law and equity jurisdiction of our courts, the penalty of a judicial bond is disregarded, and judgment given for the damages which the party has really sustained.

So, where a penal bond was given by a defendant, on removing a suit from the state court, to the United States District Court, that he was to appear *and put in special bail,* and he failed to put in bail, upon which the plaintiff dismissed his suit, and brought his action on the bond: *Held,* that he could not

The present suit is brought on this bond; and the breach of the condition assigned, *is* the failure to give special bail in the Federal court. The bond is for the penalty of twelve thousand and five hundred dollars; and the condition expressed therein, is that the defendant shall file copies of the proceedings in the suit in the state court, before the first day of the next session of the Federal court, holden at Opelousas, "*and there enter special bail.*" We have lately had occasion to say, that in bonds which are required by law, in judicial proceedings, the rights of the parties ought to be tested by the laws which require those bonds. In conventional obligations, the penalty may be well considered as the measure of the damages which the party failing to comply with his part of the contract was bound to pay. In legal proceedings, the penalty of the bond is fixed by the law, or by the court or judge, and never by the agreement of the parties. In the other states of the Union, where the common law prevails, when courts of law give judgment for the penalty of a bond, the defendant may resort to a court of equity, if the plaintiff attempts to enforce his execution for more than the amount of the damages which he is equitably entitled to. In this state, there being no distinction in the proceedings between the law and equity jurisdiction of our courts, the penalty of a bond like this is disregarded, and judgment is given for the damages which the party has really sustained.

The damages which the present plaintiffs may have, in our opinion, sustained, are those which result from the breach of the condition assigned; to wit, the failure to enter special bail in the Federal court. The defendant appeared there, by counsel, who filed an answer for him; and the plaintiff might have proceeded to trial and judgment, if they had not thought fit to be satisfied with a judgment of dismissal at the defendant's cost. Had they proceeded to final judgment on the merits, and one rendered in their favor, the amount of the damages which they might recover on the bond could not exceed the sum for which they had judgment, with interest and costs: and if the judgment was for the

.defendant, the plaintiffs could have no claim on the bond ; for the breach of its condition did not cause them any damage.

The plaintiffs cannot say that the judgment which was given is not such a one as they were entitled to, for they provoked it, and made no attempt to obtain any other. That judgment put an end to the suit and gives them nothing but their costs. They have not shown to us what those costs are ; and we cannot notice them. Their bond, however, is still in force to cover the costs.

The District Court did not, in our opinion, err in giving judgment for the defendants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.